## ISABELLA F. KINCAID, RESPONDENT, *v.* WILLIAM ARCHIBALD, APPELLANT.

*Statute of limitations — when bar of, removed by written promise to pay interest — Code, § 110.*

The plaintiff, in 1851, loaned to the defendant, her sister's husband, $1,800, of which $1,600 remained unpaid in the year 1861. In 1866 defendant paid $200 thereon. In 1872, he signed and delivered to the plaintiff the following paper: "Received January, 1861, from Mrs. J. R. Kincaid the sum of $1,600, for which I agree to pay interest, at the rate of seven per cent per annum, from this date. Paid January, 1866, to Mrs. Kincaid on the above $200."

In an action to recover the amount due thereon :

*Held,* (1) that parol evidence was admissible to show the time of the execution and delivery of the paper.

(2) That, although it contained no express promise to pay the principal, yet, as it contained an explicit admission of an existing indebtedness and a promise to pay the interest thereon, that it was sufficient to remove the bar of the statute of limitations, which had run against the debt at the time of its delivery.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover the amount of a debt alleged to be due to the plaintiff from the defendant, which was contracted in 1851. The defendant set up the statute of limitations.

*R. W. Van Pelt,* for the appellant.

*Ralph E. Prime,* for the respondent.

BARNARD, P. J. :

The sole question presented upon this appeal is the legal effect of a receipt given by defendant to plaintiff, in 1872. In 1851 or 1852, the plaintiff, at that time unmarried, lent to her sister's husband, the defendant, the sum of $1,800. Payment was made on account of interest and principal between 1852 and 1861, when the balance unpaid was $1,600. Two hundred dollars was paid by defendant to plaintiff on account of this $1,600 in January, 1866. In August, 1872, the defendant gave plaintiff this paper :

"Received, January, eighteen hundred and sixty-one (1861), from Mrs. J. R. Kincaid, the sum of sixteen hundred dollars ($1,600), for which I agree to pay interest at the rate of seven per cent per annum from this date. Paid January, 1866, to Mrs. Kincaid on the above, two hundred dollars ($200).

"WILLIAM ARCHIBALD,
"Yonkers."

The question is whether this paper is sufficient to revive the debt which was barred by the statute of limitations in August, 1872. The defendant claims that the paper not being dated, the promise to pay is, in legal effect, as if made in January, 1861. That there is no promise to pay the principal and that thereby there was no revival of the principal debt. I think the objection not well taken.

The paper must speak as of the time of its execution and delivery. When the date is omitted, or even wrongfully inserted, parol evidence may be given and fix the time of date. (*Draper* v. *Snow*, 20 N. Y., 331.) On the 2d of August, 1872, the defendant acknowledged that he had received $1,600 of plaintiff for which he agreed to pay interest "from this date," clearly from the date of the loan just stated; he also, in this paper, acknowledged that he had paid on the loan $200 in January, 1866.

No express promise to pay the principal was needed. An explicit statement that a loan was unpaid and that a present indebtedness existed, was sufficient to revive a debt before the Code. Giving a note for interest due was held a sufficient acknowledgment of the debt to take it out of the statute. (*Wenman* v. *Mohawk Ins. Co.*, 13 Wend., 267.) The Code (sec. 110) simply requires the acknowledgment or promise "to be in writing." This section was designed to introduce no new principle applicable to reviving stale demands, but solely to prevent the revival of such demands by loose oral declarations. The paper in question admits the original loan; agrees to pay interest; recites a payment of a portion of the claim some five years after its creation. I think it sufficient to revive the claim with the interest on it from the date of the advancement of the money.

Judgment affirmed, with costs.

Gilbert and Dykman, JJ., concurred.

Judgment affirmed, with costs.